**LOUGHRY and LINDSAY, LLC**
330 Market Street
Camden, New Jersey 08102
(856) 968-9201
jtloughry@loughryandlindsay.com
By: Justin T. Loughry, Esquire (3473-JTL)
Attorneys for Barry Cottman

---

| | | |
|---|---|---|
| BARRY COTTMAN, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JODY FARABELLA, MILLVILLE CHIEF | : | Civil Action No. |
| OF POLICE, P.O. JOSEPH DIXON 172, | : | |
| P.O. ROBERT RUNKLE 160, AND THE | : | |
| CITY OF MILLVILLE, NEW JERSEY | : | **COMPLAINT AND DEMAND FOR** |
| | : | **JURY TRIAL** |
| Defendants. | : | |

---

Barry Cottman, by way of Complaint against defendants, says:

## PRELIMINARY STATEMENT

1. This is a complaint brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, for deprivations of the plaintiff's rights under the Fourth, and Fourteenth Amendments to the United States Constitution, the New Jersey Constitution, and the principles of the common law. The complaint arises from the defendants' infliction of excessive force, including but not limited to sadistic violence intended to inflict punishment and wholly unnecessary and serious physical injury and pain, upon plaintiff.

2. Plaintiff was at all times relevant, and remains, a resident of the City of Millville, County of Cumberland, State of New Jersey.

3. The defendants each are sued in their individual, personal capacities as to all claims for monetary damages, and in their official capacity with respect to any claim for injunctive relief.

4. The defendants are employees of Millville Police Department, and as such are state actors acting at all relevant times under color of law, and thus are persons subject to liability under the Civil Rights Act, 42 U.S.C. § 1983. Upon information and belief, each of the defendants continues to work as an agent, servant or employee of Millville Police Department. The defendants are each "persons" within the meaning of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, as one or more causes of action arise under the United States Constitution and federal law; the Court has pendent or supplemental jurisdiction as to the state law claims. Plaintiff brings this action for damages primarily under 42 U.S.C. §§ 1983 and 1988, since the conduct complained of was engaged in under color of state law, and such conduct by the defendants subjected the plaintiff to deprivations of rights, privileges and immunities secured by the United States Constitution under the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiff also pleads a cause of action under the New Jersey State Civil Rights Act, N.J.S.A. 10:6-1 and N.J.S.A. 10:6-2.

6. Venue is proper in this District as it is the District in which the Plaintiff and the defendants reside and/or the District in which the claims arise.

## THE PARTIES

7. Barry Cottman is an African-American adult male, aged thirty-four, and at relevant times resided at 815 Archer Street, Millville, County of Cumberland, State of New Jersey.

8. At all times relevant, Joseph Dixon was an agent, servant or employee of the Millville Police Department.

9. At all times relevant, Robert Runkle was an agent, servant or employee of the Millville Police Department.

10. Defendant Jody Farabella, Chief of Police of the Millville Police Department, at all times relevant hereto, was responsible for the hiring, employment, training, discipline, and/or supervision of all other defendants, and through his policies, acts or omissions, both express and de facto, directed, supervised, condoned, and/or acquiesced in the unconstitutional conduct of the officer defendants.

11. The City of Millville is a municipality and thus qualifies as a "person" within the meaning of 42 U.SC. § 1983

12. Each of the individual defendants was acting within the scope of his employment and/or under color of law as agents, servants, or employees of the Millville Police Department. Each defendant is sued in both official capacity as to claims for injunctive relief, and his or her individual capacity as to monetary relief.

## ALLEGATIONS OF FACT

13. Plaintiff re-alleges and incorporates by reference as if fully stated herein the allegations of all previous paragraphs of the Complaint.

14. In or about June 27, 2017, plaintiff was crossing Mulberry Street in Millville, and not engaged in any unlawful activity.

15. Defendant Police Officer Joseph Dixon and Defendant Police Officer Robert Runkle confronted plaintiff with one or more groundless accusations of supposedly wrongful or inappropriate conduct.

16. Defendant Officers Dixon and Runkle argued with plaintiff but plaintiff engaged in no conduct that physically threatened or injured the defendants.

17. Without reasonable provocation or justification, Defendant Officers Dixon and Runkle physically assaulted plaintiff, first seizing his person and then taking him forcefully to the ground, restraining him by straddling him and pinning him to the sidewalk; Defendant Dixon, who had effective control over Plaintiff but who was not satisfied with Cottman's degree of compliance, struck Plaintiff a series of closed fist punches to the head and face, causing unnecessary and great pain, injury, bleeding, and intense fear and humiliation.

18. The defendants' actions in assaulting plaintiff were wanton, outrageous, wholly out of proportion to any possible justification, and were intended to inflict pain and injury, as a punishment upon plaintiff. The use of force described herein constituted a use of deadly force, in that it involved repeated strikes to the head that could cause serious bodily injury, capable of causing death.

19. The defendants had a duty to refrain from such potentially lethal force and at all events excessive force, and specifically a duty to refrain from striking the face or head with deadly force of a suspect or detainee over whom they had physical control.

20. Defendants had a duty to refrain from administering such seriously damaging and injurious force, which they administered without justification.

21. The use of such grossly excessive force and infliction of such injury pain and punishment violated plaintiff's right under the Fourth and Fourteenth Amendment to be free of such excessive, cruel and unusual punishments, and to be free of punishment without due process of law.

## FIRST COUNT
**Fourth and Fourteenth Amendments**

22. Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint.

23. The conduct of defendants Police Officer Dixon and Police Officer Runkle violated Plaintiff's federal constitutional rights to be free from excessive force and cruel and unusual punishment by assaulting Plaintiff and striking Plaintiff about the head and face.

24. As such, the aforesaid conduct constitutes an intentional and malicious violation of Plaintiff's rights to freedom from unlawful and excessive force, and specifically his right to be free of cruel and unusual punishment, in violation of the Fourth and Fourteenth Amendments and of the provisions of 42 U.S.C. § 1983, and the New Jersey Civil Rights Act.

**WHEREFORE**, Plaintiff demands judgment against Defendants and an award of compensatory and punitive damages, along with attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and the New Jersey Civil Rights Act, and such other and further relief as the Court deems just.

## SECOND COUNT
**Fourth Amendment**

25. Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint.

26. The aforesaid conduct constitutes an intentional and malicious violation of Plaintiff's rights to freedom from unlawful restraint/seizure, freedom from unreasonable search and seizure, and his right to privacy, liberty and bodily integrity, under the Fourth, and Fourteenth Amendments to the United States Constitution, all in violation of the provisions of 42 U.S.C. § 1983, and the New Jersey Constitution and the New Jersey Civil Rights Act.

**WHEREFORE**, Plaintiff demands judgment against Defendants and an award of compensatory and punitive damages, along with attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988, and the New Jersey Civil Rights Act, and such other and further relief as the Court deems just.

## THIRD COUNT
**(Against Administrators and Municipality)**

27. Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint

28. The various injuries and violations of right suffered by Plaintiff all proximately result from the deliberate indifference of the supervisory defendants to the protection of the rights, privileges and immunities of Plaintiff as guaranteed by the United States Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and the New Jersey State Constitution and State Civil Rights Act. Defendant Officer Dixon has a documented history of deployment of excessive force. That history appears in numerous use of force reports dating back a number of years before the events of this case. Moreover, his history of use of force against the citizenry is well documented, and he has recently been characterized in widespread media reports as the most numerous generator of use of force reports of any law enforcement officer at any level (local, county or state) in the State of New Jersey.

29. This documented history placed the chief, the police force and the City of Millville on actual notice of the need for training and supervision of Officer Dixon in his interactions with suspects or arrestees, concerning appropriate and inappropriate kinds and level of force to be employed in minor traffic or criminal violations.

30. Dixon's documented history, as well upon information and belief as the history of other members of the Police Department, revealed the need for focused and thorough training and policy making concerning the elements of excessive force and the imperative of avoiding infliction of blows to the face and head upon suspects or restrained suspects who are already under the control of the attending officers; but such injuries continue to be inflicted, including at the hands of Officer Dixon.

31.   The defendant administrators and municipality know of this history, which is publicly available, know of the dangers to persons in Plaintiff's circumstances, and know of the need for more training and supervision, but have failed to meaningfully and effectively provide same, thus demonstrating deliberate indifference to the rights of persons such as plaintiff.  As a proximate result, the Plaintiff has suffered injury, pain, anguish and lasting diminishment of bodily function, and will continue to so do in the future.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants Farabella and the City of Millville, an award of punitive and compensatory damages, attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and the New Jersey State Civil Rights Act, and such other and further relief as the Court deems just.

LOUGHRY and LINDSAY, LLC

Dated: June 21, 2019        By:   */s/ Justin T. Loughry*
                                  Justin T. Loughry, Esquire
                                  Attorney for Plaintiff Barry Cottman

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: June 21, 2019              */s/ Justin T. Loughry*
                                  Justin T. Loughry, Esquire
                                  Attorney for Plaintiff Barry Cottman