**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BARRY COTTMAN,

        Plaintiff,

    v.

JODY FARABELLA,
MILLVILLE CHIEF OF POLICE,
P.O. JOSEPH DIXON
172, P.O. ROBERT RUNKLE
160, CITY OF MILLVILLE, NEW
JERSEY,

        Defendants.

1:19-cv-14122-NLH-AMD

**OPINION**

**APPEARANCES**:

JUSTIN TERENCE LOUGHRY
LOUGHRY & LINDSAY, LLC
330 MARKET STREET
CAMDEN, NJ 08102

    *On behalf of Plaintiff*

A. MICHAEL BARKER
BARKER, GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD
SUITE 12
LINWOOD, NJ 08221

    *On behalf of Defendants Jody Farabella and City of*
    *Millville*

THOMAS B. REYNOLDS
REYNOLDS & HORN, P.C.
A PROFESSIONAL CORPORATION
750 ROUTE 73 SOUTH
SUITE 202 A
MARLTON, NJ 08053

    *On behalf of Defendants Joseph Dixon and Robert Runkle*

**<u>HILLMAN</u>, District Judge**

This matter concerns claims by Plaintiff of excessive force and unlawful seizure against two police officers, and claims of municipal liability against the City of Millville and its police chief, Jody Farabella.

Plaintiff, Barry Cottman, who is African-American, claims that on June 27, 2017, he was crossing a street in Millville, New Jersey "not engaged in any unlawful activity," when Defendant Millville police officers Joseph Dixon and Robert Runkle "confronted plaintiff with one or more groundless accusations of supposedly wrongful or inappropriate conduct." (Docket No. 1 at 4.)  Plaintiff claims that the officers "argued with plaintiff but plaintiff engaged in no conduct that physically threatened or injured the defendants." (<u>Id.</u>) Plaintiff further claims that "[w]ithout reasonable provocation or justification, Defendant Officers Dixon and Runkle physically assaulted plaintiff, first seizing his person and then taking him forcefully to the ground, restraining him by straddling him and pinning him to the sidewalk; Defendant Dixon, who had effective control over Plaintiff but who was not satisfied with Cottman's degree of compliance, struck Plaintiff a series of closed fist punches to the head and face, causing unnecessary and great pain, injury, bleeding, and intense fear and humiliation." (<u>Id.</u>)

2

Plaintiff has asserted claims pursuant to 42 U.S.C. § 1983 and its state law counterpart, the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, et seq.[1]  Plaintiff claims that the defendant officers used excessive force and unlawfully restrained him in violation of the Fourth and Fourteenth Amendments (Counts One and Two).  Plaintiff also claims that the Defendant Police Chief Farabella and the municipality are liable for his injuries because of their failure to properly train the officers and for their fostering of customs and policies which condone the use of excessive force (Count Three).[2]

Chief Farabella and the City of Millville have moved to dismiss Plaintiff's claims against them.  Plaintiff does not oppose the dismissal of his claims against Chief Farabella in his official capacity because that claim is duplicative of his claims against Millville.[3]  Plaintiff also does not oppose the

---

[1]  The NJCRA has repeatedly been construed as analogous to § 1983, and NJCRA claims are therefore analyzed under the legal framework applicable to § 1983 claims absent clear state law indicating a particular claim is to be analyzed distinctly from § 1983.  Valles v. Cumberland County, 2019 WL 4051858, at *6 (D.N.J. 2019) (citing Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011)).  Just like § 1983, the NJCRA is a means of vindicating substantive rights and is not a source of rights itself.  Gormley v. Wood-El, 93 A.3d 344, 358 (N.J. 2014).

[2] See This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

[3] Estate of Bard v. City of Vineland, 2019 WL 102405, at *2

dismissal of his request for punitive damages for his claims against Millville.[4]  Plaintiff, however, opposes Defendants' arguments that he has not properly pleaded his claims against them.

For a claim against a municipality under § 1983, a municipality cannot be held liable under a theory of *respondeat superior*, but instead a municipality may be liable under § 1983 "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury."  Jewell v. Ridley Township, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting Monell v. Dept. of Social Servs. of City of N.Y., 436 U.S. 658, 691 (1978)).  A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict."  Noble v. City of Camden, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted).  "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by

---

(D.N.J. 2019) (citing Janowski v. City of North Wildwood, 259 F. Supp. 3d 113, 131 (D.N.J. 2017)) (explaining that the plaintiff's NJCRA and § 1983 claims against officers in their official capacities are duplicative of the plaintiff's claims against the City).

[4] See Smith v. Borough of Dunmore, 633 F.3d 176, 183 (3d Cir. 2011) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983")).

law, is so well-settled and permanent as virtually to constitute law." Id. (internal quotations and citations omitted).

With regard to Chief Farabella, there are two theories of supervisory liability under which he may be found liable. First, Chief Farabella may be found liable if he "established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Santiago v. Warminster Twp., 629 F.3d 121, 127 n.5 (3d Cir. 2010). Second, Chief Farabella "may be personally liable . . . if he . . . participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Id. at 127 (quoting A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)).

Plaintiff's claims against Millville and Chief Farabella are as follows:

> 28.  The various injuries and violations of right suffered by Plaintiff all proximately result from the deliberate indifference of the supervisory defendants to the protection of the rights, privileges and immunities of Plaintiff as guaranteed by the United States Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and the New Jersey State Constitution and State Civil Rights Act. Defendant Officer Dixon has a documented history of deployment of excessive force. That history appears in numerous use of force reports dating back a number of years before the events of this case. Moreover, his history of use of force against the citizenry is well documented, and he has recently been characterized in widespread media reports as the most numerous generator of use of force reports of any law enforcement officer at any

level (local, county or state) in the State of New Jersey.

29.  This documented history placed the chief, the police
force and the City of Millville on actual notice of the
need for training and supervision of Officer Dixon in his
interactions with suspects or arrestees, concerning
appropriate and inappropriate kinds and level of force to
be employed in minor traffic or criminal violations.

30.  Dixon's documented history, as well upon information
and belief as the history of other members of the Police
Department, revealed the need for focused and thorough
training and policy making concerning the elements of
excessive force and the imperative of avoiding infliction
of blows to the face and head upon suspects or restrained
suspects who are already under the control of the attending
officers; but such injuries continue to be inflicted,
including at the hands of Officer Dixon.

30.  The defendant administrators and municipality know of
this history, which is publicly available, know of the
dangers to persons in Plaintiff's circumstances, and know
of the need for more training and supervision, but have
failed to meaningfully and effectively provide same, thus
demonstrating deliberate indifference to the rights of
persons such as plaintiff. As a proximate result, the
Plaintiff has suffered injury, pain, anguish and lasting
diminishment of bodily function, and will continue to so do
in the future.

(Docket No. 1 at 7-8.)

Defendants argue that Plaintiff's <u>Monell</u> liability claims

are conclusory and lack sufficient detail and factual support to

proceed.[5]  Plaintiff counters that his complaint meets the proper

_____

[5] When considering a motion to dismiss a complaint for failure to
state a claim upon which relief can be granted pursuant to
Federal Rule of Civil Procedure 12(b)(6), a court must accept
all well-pleaded allegations in the complaint as true and view
them in the light most favorable to the plaintiff.  <u>Evancho v.
Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  A pleading is
sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.

pleading standards, and then elaborates on his claims with additional facts and a certification of exhibits in his opposition to Defendants' motion.  (See Docket No. 8.)

The Court finds that Plaintiff's claims against Chief Farabella are deficient because they fail to attribute any conduct specific to him.  Other than a general allegation that "the chief, the police force and the City of Millville" were "on actual notice of the need for training and supervision of Officer Dixon," the complaint is silent as to what actions Chief Farabella specifically did or failed to do relative to establishing and maintaining a policy, practice or custom which directly caused Plaintiff's constitutional harm.  The complaint also fails to specify how Chief Farabella participated in violating Plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in

---

Civ. P. 8(a)(2).  Even though Rule 8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face," and that facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

his subordinates' violations.  See Kilgarriff v. Strunk, 2019 WL 1434763, at *6 (D.N.J. 2019) (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that to properly plead a claim against an individual government defendant in a civil rights action, the complaint must indicate how that defendant had personal involvement in the alleged wrongdoing, which can be shown through allegations of personal direction or of actual knowledge and acquiescence); Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")).

Plaintiff's claims against Millville are marginally better, but are still deficient.  Plaintiff alleges the history of Defendant Dixon and how his conduct was condoned and left unremediated by Millville, but the complaint fails to connect Dixon's alleged conduct to a broader policy, custom or practice fostered by the Millville police department, which Plaintiff is required to do at the pleading stage.  See Malat v. Borough of Magnolia, 2020 WL 2553858, at *5 (D.N.J. 2020) (citing Rollins on behalf of Estate of Salaam v. City of Newark, 2020 WL 1528035, at *3 (D.N.J. 2020) ("Conclusory recitations of the elements of a Monell claim are insufficient.") (citing Benjamin v. E. Orange Police Dep't, 937 F. Supp. 2d 582, 595 (D.N.J.

2013) (dismissing the claim against the city because the
plaintiff failed to plead adequate facts demonstrating the
existence of a policy or custom)); Groark v. Timek, 989 F. Supp.
2d 378, 386-87 (D.N.J. 2013) (quoting Board of County Com'rs,
520 U.S. 397, 404 (1997) (quotations omitted) (explaining that
in order to impose § 1983 liability pursuant to a custom,
"plaintiff must show that the municipal action was taken with
the requisite degree of culpability and [there must be] . . . .
a direct causal link between the municipal action and the
deprivation of federal rights. . . . [P]laintiff must
demonstrate that the municipal action was taken with 'deliberate
indifference' to its known or obvious consequences . . . . A
showing of simple or even heightened negligence will not
suffice. A pattern or continued adherence to an approach that a
municipality knows or should know has failed to prevent tortious
conduct of police officers may establish the conscious disregard
for the consequences of [its] action necessary to trigger
municipal liability"); see also City of Oklahoma City v. Tuttle,
471 U.S. 808, 821 (1985) (explaining that § 1983 was not
designed to permit the imposition of liability "simply because
the municipality hired one bad apple").

Plaintiff's elaboration of his claims against Chief
Farabella and Millville in his opposition brief have no effect
on the sufficiency of his complaint as currently pleaded. A

9

plaintiff may not amend his complaint through arguments in a brief.  Klingberg v. Hatcher, 2018 WL 3410028, at *4 (D.N.J. 2018) (citing Hall v. Revolt Media & TV, LLC, 2018 WL 3201795, at *3 (D.N.J. 2018) (citing Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)).

The content of Plaintiff's opposition brief does impact, however, the Court's consideration of Plaintiff's request for leave to amend his claims, as well as the Court's obligation under Third Circuit precedent to offer amendment when determining whether to dismiss a civil rights complaint for failure to state a claim.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (directing that in "civil rights cases district courts must offer amendment" when determining whether to dismiss a civil rights complaint for failure to state a claim, "irrespective of whether it is requested" unless if "doing so would be inequitable or futile").  Moreover, amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court finds that permitting Plaintiff to file an amended complaint is not inequitable or futile.  In addition to the dismissal of Plaintiff's claims against Chief Farabella in his official capacity and Plaintiff's demand for punitive

damages against Millville, both of which claims will be dismissed with prejudice, the Court will dismiss Count Three in Plaintiff's complaint without prejudice.  Plaintiff shall be afforded thirty days to file an amended complaint.[6]

      An appropriate Order will be entered.


Date: <u>  July 17, 2020      </u>      <u>  s/ Noel L. Hillman   </u>
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

---

[6] The officer defendants filed their answer to Plaintiff's complaint on December 3, 2019.  (Docket No. 12.)  Although the Court does not suggest that Plaintiff needs to amend his claims against the officer defendants, the Court's decision to afford Plaintiff leave file an amended complaint is not limited solely to his claims against Chief Farabella and Millville.  All defendants shall respond to the amended complaint as they determine appropriate.